# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 21, 2006

125250

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

NICHOLAS JAMES JACKSON,
       Defendant-Appellant.

SC: 125250
COA: 242050
Oakland CC: 2001-177534-FC

_____/

By order of the Court, leave to appeal was granted, 472 Mich 884 (2005). By order of November 18, 2005, this case was held in abeyance pending the decisions in *Davis v Washington*, cert gtd ___ US ___; 126 S Ct 547; 163 L Ed 2d 458 (2005), and *Hammon v Indiana*, cert gtd ___ US ___; 126 S Ct 552; 163 L Ed 2d 459 (2005). On order of the Court, the consolidated opinion having been issued on June 19, 2006, *Davis v Washington*, 2006 US LEXIS 4886; 74 USLW 4356, the case is again considered. We REMAND this case to the Oakland Circuit Court for an evidentiary hearing to evaluate defense counsel's request to present evidence regarding defendant's stepbrother's alleged prior false accusation of sexual abuse. Because the evidence in this case of a prior false allegation of sexual abuse does not constitute evidence of the victim's "sexual conduct," the rape-shield statute, MCL 750.520j, does not apply, and the Court of Appeals erred in concluding that defendant was required to follow the procedural requirements of this statute. Nevertheless, before admitting evidence of a prior false allegation, the circuit court must first determine whether defense counsel has a good-faith basis to present evidence regarding the alleged prior false accusation. If the court determines that defense counsel has a good-faith basis, it must then determine whether the evidence of the alleged prior false accusation is being used for credibility purposes or for a proper purpose under MRE 404(b). Evidence that is admitted for credibility must be admitted in a manner that is consistent with MRE 608(b), which permits this type of specific conduct to be "inquired into on cross-examination of the witness" but does not permit the specific conduct to be "proved by extrinsic evidence." Evidence that is admitted for a proper purpose under MRE 404(b) can be proved by relevant extrinsic evidence. Accordingly, on remand, the circuit court shall determine whether defense counsel has a good-faith basis to present evidence regarding defendant's stepbrother's alleged prior false

accusation and, if such a good-faith basis exists, whether the evidence is being admitted for credibility or for a proper purpose under MRE 404(b). We DIRECT the circuit court to conduct the evidentiary hearing and to submit a transcript of the hearing along with its findings to the Clerk of this Court within 35 days of the date of this order.

We retain jurisdiction.

WEAVER, J., dissents and states as follows:

I dissent and would not remand this case for an evidentiary hearing. This case has been pending in this Court for over 2½ years. There is sufficient information before this Court to decide this case now.

KELLY, J., joins the statement of WEAVER, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 21, 2006

Corbin R. Davis

Clerk

t0721