# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICHARD CHARLES MALLORY,

Defendant-Appellant.

UNPUBLISHED
March 13, 2018

No. 335843
Lapeer Circuit Court
LC No. 15-012331-FH

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for three counts of second-degree criminal sexual conduct, MCL 750.520c(1)(b) (sexual contact with a person between the age of 13 and 16), and one count of assault with intent to commit sexual penetration, MCL 750.520g(1). Defendant was sentenced, as a second-offense habitual offender, MCL 769.10, to 4 to 22½ years' imprisonment for each of the three counts of second-degree criminal sexual conduct, and 2 to 15 years' imprisonment for the one count of assault with intent to commit sexual penetration. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Defendant's convictions arise out of events that were alleged to have occurred during the late night hours of July 4, 2015, between defendant and a 13-year-old female. On that date, according to the victim, defendant engaged in various types of sexual touching and attempted to commit sexual penetration. The victim reported the incident to her mother who then telephoned police. Defendant denied all of the allegations. Following his conviction and sentence as stated above, defendant filed this appeal.

## II. ANALYSIS

### A. DEFENDANT'S RIGHT TO PRESENT A DEFENSE

First, defendant argues on appeal that the trial court erred by preventing defendant from presenting a defense, namely that the victim had made prior false allegations. To that end, defendant's trial counsel asked the victim during cross-examination whether she had "called 911 in the past," and the prosecutor objected to the relevance of the question. The following colloquy took place:

-1-

*The Court*: What's the relevance if she called it in the past, [defense counsel]? You asked her whether she was familiar with it. She indicated she is. If you want to ask her if she understands what 911 means, you can ask that. Whether she called it in the past is not relevant. It's sustained.

[*Defense Counsel*]: May I make a record, your Honor, just briefly?

*The Court*: Go Ahead.

[*Defense Counsel*]: It would relate to prior bad acts under 404(b).

[*Prosecutor*]: Which he is required to give notice of and he has done nothing of the sort and he knows that. And to make such an assertion is nothing but an attempt to poison the jury.

*The Court*: [Defense counsel], response?

[*Defense Counsel*]: If you look at the 404(b) rule, the written notice --

*The Court*: Cite the rule, [defense counsel], if you have it.

[*Defense Counsel*]: Well, 404(b) -- well, I'm not going to read it back to you, but 404(b), if you look at the rule itself, requires a written notice on the part of the prosecutor, not the defense, your Honor.

*The Court*: It requires notice from all sides in regard to any 404(b). There is no distinction as far as this Court is concerned. Thank you.

Defendant's trial counsel immediately ceased questioning the victim and, despite expressing his intent to potentially recall the victim as a witness for the defense, did not recall her.

Defendant's first argument on appeal is two-fold. First, defendant argues that the trial court misinterpreted the notice requirement in MRE 404(b) and erroneously excluded evidence related to the victim's alleged history of false accusations. Secondly, defendant argues that the trial court's erroneous ruling effectively denied defendant his constitutional right to present a defense.

To preserve a constitutional issue related to a defendant's constitutional right to present a defense, the issue "must be raised before and considered by the trial court." *People v Solloway*, 316 Mich App 174, 197; 891 NW2d 255 (2016). Additionally, "it is well settled that in order to preserve the issue of the admissibility of evidence for appeal, the proponent of evidence excluded by the trial court must make an offer of proof." *Detroit v Detroit Plaza Ltd Partnership*, 273 Mich App 260, 291; 730 NW2d 523 (2006), citing MRE 103(a)(2); see also *People v McPherson*, 263 Mich App 124, 137; 687 NW2d 370 (2004). "[A]n offer of proof serves the dual purpose of informing the trial court of the nature and purpose of the evidence sought to be introduced, and of providing a basis for the appellate court to decide whether to sustain the trial court's ruling." *Detroit*, 273 Mich at 291. "An objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground." *People v*

-2-

*Stimage*, 202 Mich App 28, 30; 507 NW2d 778 (1993). In this case, defendant failed to argue before the trial court that its evidentiary ruling affected his constitutional right to present a defense, and defendant failed to make an offer of proof or otherwise describe the relevance of the evidence he sought to introduce. Accordingly, neither the constitutional issue, nor the underlying evidentiary issue is preserved on appeal. *Detroit*, 273 Mich at 291; *Stimage*, 202 Mich App at 30.

Unpreserved claims of error are reviewed for plain error, where defendant has the burden of showing 1) an error occurred, 2) the error was clear and obvious, and 3) the error affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Generally, an error affects a defendant's substantial rights when it prejudices him or when it "affect[s] the outcome of the lower court proceedings." *Id*. at 763. "Reversal is warranted only when the plain, unpreserved error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of the defendant's innocence." *People v Everett*, 318 Mich App 511, 527; 899 NW2d 94 (2017) (quotation marks and citation omitted).

At the time of defendant's trial, MRE 404(b) provided, in pertinent part:[1]

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

(2) The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence.

Here, to the extent that the trial court relied on the notice provision of MRE 404(b)(2) to exclude evidence of any alleged prior bad acts of the victim, we agree with the parties that the trial court erred.[2] The trial court erroneously stated that MRE 404(b)(2) "requires notice from all

---

[1] An amendment to MRE 404(b)(2) took effect on January 1, 2018, but the changes are not relevant to the issues raised in this appeal. Administrative Order No. 2015-11, 501 Mich ___ (2017).

[2] The prosecution concedes on appeal that the trial court's interpretation of the notice requirement in MRE 404(b)(2) was incorrect, although the prosecution maintains that defendant failed to demonstrate the relevance of the proposed testimony and failed to make an adequate offer of proof.

sides" and that there was "no distinction" between a prosecutor's notice requirements and a defendant's notice requirements. As the parties agree, the trial court's holding constitutes clear and obvious error because the court rule explicitly and unambiguously requires notice of a *prosecutor's* intent to introduce prior bad acts evidence *to* the defendant, and it does not require the same *from* the defendant. However, such a finding does not end our inquiry. Having found that the trial court misinterpreted MRE 404(b)(2), we next turn to the issue of whether defendant has demonstrated that the trial court's ruling deprived him of his right to present a defense.

"A criminal defendant has a due process right to present a defense under the state and federal constitutions." *Solloway*, 316 Mich App at 198. "But the right to present a defense is not absolute." *Id*. "The accused must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984) (quotation marks and citation omitted). "Accordingly, the right to present a defense extends only to relevant and admissible evidence." *Solloway*, 316 Mich App at 198 (quotation marks and citation omitted).

In this case, although we have found that the trial court erred in its application of the notice requirements in MRE 404(b), defendant has overlooked the fact that the original objection to his counsel's attempt to introduce "prior bad acts" evidence was to relevance, and that objection was sustained by the trial court. Defendant was "obligated initially to make an offer of proof with regard to the proposed evidence and to demonstrate its relevance to the purpose for which the evidence [was] sought to be admitted." *People v Williams*, 191 Mich App 269, 273; 477 NW2d 877 (1991). Evidence is not admissible if there is an insufficient showing of relevance in the offer of proof. *People v Hackett*, 421 Mich 338, 350; 365 NW2d 120 (1984). " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Here, once the trial court sustained the prosecution's objection on relevance grounds defendant initially asked the court: "May I make a record, your Honor, just briefly?" The trial court responded: "Go ahead." Defense counsel then stated, "It [presumptively referring to the evidence to be elicited] would relate to prior bad acts under 404(b)", after which defense counsel informed the court that 404(b) requires only notice from the prosecutor. The trial court rejected this argument. However, defense counsel ended his attempt to create a record at that point and made no attempt to describe any instances where the victim allegedly made false accusations of sexual assault or otherwise explain the relevance of any potential testimony that defense counsel sought to elicit from the victim. By failing in his obligation to make an adequate offer of proof, defendant failed to establish that there was admissible evidence to be elicited by the line of questioning. *Williams*, 191 Mich App at 273; *Hackett*, 421 Mich at 350. Consequently, defendant has not shown that his right to present a defense was infringed. *Solloway*, 316 Mich App at 198.

Despite the lack of an offer of proof, defendant relies on our Supreme Court's ruling in *People v Jackson*, 477 Mich 1019, 1019; 726 NW2d 727 (2007), wherein our Supreme Court remanded the defendant's case for a new trial and ordered that "[u]pon retrial, the defendant must be afforded the opportunity to introduce testimony that the complainant has previously been induced by his father to make false allegations of sexual abuse against other persons disliked by the father." (Citing MRE 404(b).) In *Jackson*, 477 Mich at 1019, our Supreme Court had previously remanded the case for an evidentiary hearing so the trial court could "make

-4-

additional findings regarding the defendant's request to present evidence regarding the defendant's stepbrother's alleged prior false accusation of sexual abuse." In the earlier order remanding the case for an evidentiary hearing, our Supreme Court had directed the trial court to "first determine whether defense counsel has a good-faith basis to present evidence regarding the alleged prior false accusation." *People v Jackson*, 475 Mich 909, 910; 717 NW2d 871 (2006).

However, in this case, defendant ignores the fact that it is his *initial obligation* to make an offer of proof demonstrating the relevance of the proposed evidence. *Williams*, 191 Mich App at 273. An offer of proof must describe "the substance of the evidence" to the court. MRE 103(a)(2). Moreover, making the requisite offer of proof is only the "first hurdle," which, if adequately presented by a defendant, does not necessarily guarantee that the evidence is admissible. See *People v Byrne*, 199 Mich App 674, 678; 502 NW2d 386 (1993) (explaining that "[e]ven where the defendant surmounts that first hurdle [of making an offer of proof], the next step is not admissibility at trial, but an in camera evidentiary hearing to determine the admissibility of the evidence in light of the constitutional inquiry" and that "[s]ince *Hackett*, this Court has refused to even reach the merits of admissibility unless and until the trial court first conducts the requisite in camera hearing"). In this case, defendant has not argued that he is entitled to such an evidentiary hearing, and even if he had made such an argument, defendant has completely failed to make any offer of proof regarding the substance of the proposed evidence or that would support the conclusion that the victim had actually made a prior false accusation of sexual assault. Defendant's proposed evidence cannot be admissible without a sufficient offer of proof, which he did not make in this case. *Hackett*, 421 Mich at 350; see also *Byrne*, 199 Mich App at 678 ("Absent a sufficient showing of relevancy in the offer of proof, the motion for admission, whether presented at trial or in limine, must be denied.").

We find that *Williams*, 191 Mich App 269, directs our decision in this matter. In *Williams*, the defendant attempted to present evidence at trial that the complainant had previously made a false accusation of sexual assault. *Id*. at 272. The trial court excluded the evidence based the rape-shield statute and declined the defendant's request for an evidentiary hearing to determine the admissibility of the evidence. *Id*. at 272-274. On appeal, this Court held that although the trial court misapplied the rape-shield statute, it nevertheless reached the correct result because the defendant was unable to make "the requisite offer of proof to justify introduction of the evidence." *Id*. at 273, 274. In reaching this conclusion, this Court reasoned that the "defendant has been unable to offer any concrete evidence to establish that the victim had made a prior false accusation of being sexually abused" and that "[c]ounsel merely wished to engage in a fishing expedition in hopes of being able to uncover some basis for arguing that the prior accusation was false." *Id*. The *Williams* Court explained:

> In short, if defendant had evidence of a prior false accusation, that could be presented to the court. But defendant was not entitled to have the court conduct a trial within the trial to determine whether there was a prior accusation and whether that prior accusation was true or false. [*Id*. at 274.]

-5-

In this case, defendant has not provided any evidence that the victim actually made a previous allegation of sexual assault, let alone a false allegation.[3] As in *Williams*, defendant in this case failed to make the necessary offer of proof to justify introduction of testimony that the victim had made previous, false accusations. Therefore, despite the trial court's misapplication of MRE 404(b)(2), the trial court did not erroneously exclude any evidence; instead the trial court rightfully prevented defendant from conducting a fishing expedition in hopes that he might uncover a defense to present. See *Williams*, 191 Mich App at 273-274. Because defendant has not established that relevant, admissible evidence was excluded, his right to present a defense could not have been violated. *Solloway*, 316 Mich App at 198. Accordingly, defendant has failed to establish plain error on this ground. *Carines*, 460 Mich at 763.

B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next contends that he received ineffective assistance of counsel because his trial counsel allegedly billed for services that were not provided, failed to call witnesses that might have impeached testimony provided by the prosecution, was unable to present evidence of prior false accusations of sexual assault made by the victim as a result of the trial court's erroneous ruling discussed above, failed to present defendant with a plea offer, and failed to request a curative instruction after the victim made a statement during her testimony that constituted prejudicial hearsay.

A defendant preserves the issue of ineffective assistance of counsel by making a timely motion for a new trial or by requesting an evidentiary hearing on the issue pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). *People v Foster*, 319 Mich App 365, 390; 901 NW2d 127 (2017). In this case, although defendant did not move for a new trial or request an evidentiary hearing in the trial court, defendant moved this Court to remand the case to the trial court for a *Ginther* hearing. This Court denied defendant's motion.[4]

In situations involving claims of ineffective assistance of counsel in which a *Ginther* hearing has not been held, "review is limited to mistakes apparent on the record." *People v Norfleet*, 317 Mich App 649, 658; 897 NW2d 195 (2016). "The determination whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of

---

[3] In *Williams*, there was *some* evidence that the complainant had made a prior allegation of sexual assault. *Williams*, 191 Mich App at 273 n 1. Defense counsel in that case apparently wanted to question certain witnesses "concerning the truth or falsity of the victim's prior accusation, in hopes that their answers would reveal that the prior accusation was false," even though defense counsel "had no idea whether the prior accusation was true or false and no basis for believing that the prior accusation was false." *Id*. at 273-274. This Court concluded that defense counsel was on a "fishing expedition." *Id*. at 274. The reasoning in *Williams* applies with even greater force to the present case, where defendant has offered no evidence that the victim ever made previous allegations of sexual assault, much less any false ones.

[4] *People v Mallory*, unpublished order of the Court of Appeals, entered April 27, 2017 (Docket No. 335843).

fact and constitutional law." *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). The trial court's constitutional determinations are reviewed de novo while factual determinations are reviewed for clear error. *Id*. "Clear error exists where the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Callon*, 256 Mich App 312, 321; 662 NW2d 501 (2003).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009) (quotation marks and citation omitted). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882, 885 (2008) (quotation marks and citation omitted).

> To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. A defendant must also show that the result that did occur was fundamentally unfair or unreliable. [*Lockett*, 295 Mich App at 187 (citations omitted).]

With respect to defendant's first argument, defendant has not cited any authority for the proposition that a mere billing dispute with trial counsel can satisfy the legal standard for demonstrating ineffective assistance of counsel, namely that defense counsel performed deficiently in a way that affected the outcome of the proceedings. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Because defendant has not properly supported the merits of this argument, it is abandoned. *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). Moreover, defendant's argument essentially amounts to a claim that defense counsel did not present an expert witness or certain other evidence. However, defendant has not explained the substance of this evidence or how this evidence would have assisted his defense. A defendant claiming that he received ineffective assistance of counsel "bears the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Furthermore, defendant has not demonstrated how this evidence would have changed the outcome of the trial. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland v Washington*, 466 US 668, 700; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Next, defendant contends that he was denied effective assistance of counsel when his trial counsel declined to call any witnesses to impeach the testimony of the victim. "The failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *Solloway*, 316 Mich App at 189 (quotation marks and citation omitted). "A substantial defense is one which might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). "[D]ecisions regarding . . . whether to call or question witnesses are presumed to be matters of trial strategy." *Solloway*, 316 Mich App at 189 (quotation marks and citation omitted; ellipsis in original). Defendant makes various claims on appeal about the substance of the testimony that could have been offered by

certain witnesses that defendant asserts should have been called at trial by defense counsel. However, none of defendant's appellate arguments about these claims relate to the actual incident between defendant and the victim underlying defendant's conviction. And even if we could consider the affidavits submitted by defendant on appeal in an attempt to support of his arguments, which are not part of the lower court record, none of these affiants claim to be able to provide testimony about the actual incident. In other words, defendant has not provided any evidence that any witness could have contradicted the victim's testimony about defendant's acts of sexual contact with the victim on the night in question. Therefore, defendant was not deprived of a substantial defense, and he has not established that he received ineffective assistance of counsel on this ground. *Id*.; *Chapo*, 283 Mich App at 371.

Next, defendant asserts that his trial counsel was ineffective for failing to present evidence that the victim made previous false allegations of sexual assault and that the trial court's erroneous ruling on the matter, discussed above, prevented counsel from doing so. However, as previously discussed, defendant has provided no evidence that the victim ever made prior false allegations of sexual assault, and the trial court did not erroneously exclude any such evidence. Therefore, defendant has failed to establish the factual predicate for this claim of error and has not demonstrated that he received ineffective assistance of counsel on this ground. *Strickland*, 466 US at 700; *Carbin*, 463 Mich at 600.

Defendant next contends that his trial counsel was ineffective for failing to present to him a plea offer. "As at trial, a defendant is entitled to the effective assistance of counsel in the plea-bargaining process." *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). "In demonstrating prejudice, the defendant must show the outcome of the plea process would have been different with competent advice." *Id*. at 592. A defendant must establish that, but for the ineffective assistance of counsel there is a reasonable probability that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances." *Douglas*, 496 Mich 592 (quotation marks and citation omitted). Defendant must also show that "the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id*. (quotation marks and citation omitted).

At defendant's pretrial conference, during which defendant was present, the trial court referenced a plea offer, and defense counsel appeared to reject the offer:

> *The Court*: The Court has received from the prosecutor's office a form filled out by them indicating what the plea offer is, so on and so forth.
>
> [Defense counsel], on behalf of your client, is this matter going to be resolved through a plea, or do we need to set it down for a trial date?
>
> [*Defense Counsel*]: We need a trial date, your Honor.

Defendant's appellate argument related to the plea offer is without merit because defendant does not claim that he would have accepted the plea offer.[5] Moreover, there is no evidence in the record that defense counsel was not acting according to his client's desires when he requested a trial date on the behalf of defendant, who was also present in the courtroom at the time. Defendant has failed to demonstrate that he received ineffective assistance of counsel on this ground because he has not shown that there is any probability that the outcome of the plea negotiations would have been different. *Douglas*, 496 Mich at 592.

Next, defendant contends that his trial counsel was ineffective for failing to request a curative instruction after the victim made an allegedly prejudicial hearsay statement. At trial, the victim explained that, after telling her mother what had happened to her,

> [s]he kind of just took a little bit to let it soak in. And I had actually wanted to call and talk to my sister, [], who I don't hardly ever have contact with. And at that point my mom had told her what had happened, and she had confirmed that it almost happened to her.

Defendant's trial counsel immediately objected, and the objection was sustained. Later, outside the presence of the jury, defendant's trial counsel moved for a mistrial on the basis that the statement, "she had confirmed that it almost happened to her," was hearsay and highly prejudicial, which made it impossible for defendant to receive a fair trial because it had already been heard by the jury. The Court denied the motion but offered to give a curative instruction related to the testimony. Ultimately, defendant's trial counsel did not request a specific curative instruction.

Defendant is tasked with overcoming "a strong presumption" that his counsel's decision to refrain from requesting a curative instruction "constituted sound trial strategy." *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004). Defendant has failed to overcome that presumption. The contested statement was brief, vague, and unresponsive to the question asked by the prosecutor. Given the circumstances under which the statement was made, and the trial court's discussion with trial counsel, it is a reasonable presumption that a curative instruction might have drawn more attention to the hearsay statement than giving no instruction at all and that defendant's trial counsel refrained from requesting an instruction for that reason. There are times when it is better strategy to remain silent and avoid drawing attention to an improper comment, *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008), and we will not resort to second guessing matters of trial strategy on appeal, *Petri*, 279 Mich App at 411. Defendant has failed to show that trial counsel performed below an objective standard of reasonableness and thus has not shown that he received ineffective assistance of counsel on this ground. *Lockett*, 295 Mich App at 187.

Finally, defendant also requests that, in the alternative, we remand for an evidentiary hearing. This Court has denied this request previously. In light of our analysis above, we

---

[5] We note that defendant even avers in his affidavit attached to his appellate brief that he is "not guilty of these crimes."

conclude that remand is unnecessary because defendant has failed to demonstrate "any issue for which further factual development would advance his claim." See MCR 7.211(C)(1)(a); *Chapo*, 283 Mich App at 368-369.

## C. DEFENDANT'S MOTION FOR A MISTRIAL

Defendant also contends that, just as his counsel was ineffective for failing to request a curative instruction as to the victim's unsolicited hearsay statement, so too did the trial court err when it denied defendant's motion for a mistrial based upon the same statement. Defendant argues that the statement was highly prejudicial and that the trial court's failure to immediately provide a curative instruction led to the denial of defendant's right to have a fair trial.

"We review for an abuse of discretion a trial court's decision regarding a motion for a mistrial." *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Unger*, 278 Mich App at 217. "A motion for a mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs the defendant's ability to get a fair trial." *People v Lugo*, 214 Mich App 699, 704; 542 NW2d 921 (1995).

In this case, the trial court's denial of defendant's motion for a mistrial was not outside the range of principled outcomes. The victim's statement was "an isolated comment that was not repeated or explored further." See *People v Waclawski*, 286 Mich App 634, 708-710; 780 NW2d 321 (2009) (affirming the trial court's denial of the defendant's request for a new trial on the basis that unsolicited, "irrelevant," and "inflammatory" testimony "constituted an isolated comment" and was not repeated or explored). "[N]ot every instance of mention before a jury of some inappropriate subject matter warrants a mistrial. Specifically, an unresponsive, volunteered answer to a proper question is not grounds for the granting of a mistrial." *Id*. at 710 (quotation marks and citation omitted; alteration in original).

Here, the victim's testimony was "unresponsive" in the sense that it was volunteered by the victim and outside the scope of the question posed by the prosecutor, which merely asked what happened after the victim told her mom about the incident with defendant; the prosecutor did not ask about the victim's sister or any incidents involving the victim's sister. See *People v Mahone*, 294 Mich App 208, 213; 816 NW2d 436 (2011) (explaining that testimony was unresponsive where a witness was asked a yes or no question and responded with a "why"). "[U]nresponsive answers may work a certain amount of mischief with the jury, but they are generally not considered prejudicial errors unless egregious or not amenable to a curative instruction." *Id*. (quotation marks and citation omitted). In *Mahone*, this Court concluded that a witness's unresponsive answer to the prosecutor's question, although it constituted inadmissible hearsay, was not a prejudicial error because it was not egregious and defense counsel may have refrained from making a request to strike in order to avoid drawing attention to the statement. *Id*. at 213. Likewise, in this case, having already determined that defendant's trial counsel exercised sound trial strategy when he declined to request a curative instruction, we also find that the testimony at issue was not so egregious that it was prejudicial against defendant because it was an unresponsive answer that was brief, vague, and not explored further; thus, the trial court did

not abuse its discretion by denying defendant's motion for a mistrial. *Waclawski*, 286 Mich App at 708-710. Accordingly, defendant is not entitled to relief on this issue.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle