*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 27, 2020

Plaintiff-Appellee,

v

No. 339898
Wayne Circuit Court
LC No. 16-006045-01-FH

ANTHONY ALSTON JACKSON,

Defendant-Appellant.

AFTER REMAND

Before: JANSEN, P.J., and BECKERING and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c, one count of accosting a minor for immoral purposes, MCL 750.145a, and one count of indecent exposure, MCL 750.335a. We previously remanded this case for the trial court to conduct an evidentiary hearing to better understand what the jury would have heard from the complainant if defendant had been allowed to question her about allegations that she previously falsely accused her childhood neighbor, CF, of sexual misconduct. We now affirm.

Defendant's convictions arise out of allegations by the complainant that the defendant, while dating the complainant's mother, sexually abused the complainant from 2012 through May 2016. We need not cover the facts in any detail in this opinion because the only issue before us concerns whether the complainant made a prior false accusation of sexual misconduct. At defendant's trial, defendant sought to admit evidence that the complainant had previously falsely accused her neighbor, CF, of sexual misconduct. Defendant was prepared to have CF and CF's mother testify about the accusation, but failed to explain his basis for doing so. When ruling on whether defendant would be permitted to offer those witnesses, the trial court recognized that the evidence had to be admissible under MRE 404(b) as other acts evidence. It held that the evidence was not admissible under that rule because it was not sufficiently similar to the accusation against defendant. The court pointed out that defendant was 38 years old at the time of trial, whereas CF was a teenager—well under 18 years old—when the complainant allegedly accused him of

-1-

misconduct. The court also pointed out that defendant lived with the complainant and, as the complainant's mother's boyfriend, held a different relationship with the complainant than CF would have.

After the trial court ruled that the testimony of the witnesses themselves was inadmissible, the remaining question was whether defendant would be allowed to cross-examine the complainant about the false accusation under MRE 608 as an attack on her credibility. In answering that question, the court stated that it was "not even going to allow [defense counsel] to ask [the complainant] on cross-examination whether or not she made a false allegation of sexual conduct or contact against [CF]" because it believed that the prior false accusation was both irrelevant and unduly prejudicial.

On appeal, we noted that a prior false accusation was relevant because " 'the fact that the victim has made prior false accusations of rape directly bears on the victim's credibility,' " and credibility is always relevant. *People v Jackson*, unpublished per curiam opinion of the Court of Appeals, issued February 19, 2019 (Docket No. 339898), p 10, quoting *People v Williams*, 191 Mich App 269, 272; 477 NW2d 877 (1991). Based on this, we stated our disagreement "with the trial court's conclusion that defendant's offer of proof was insufficient to meet a threshold showing of relevancy." *Jackson*, unpublished op at 10. We noted the procedure that courts are "to follow when confronted with evidence involving a complainant's prior sexual conduct," which was not followed here. *Id*. In part because this procedure was not followed, the only evidence of whether the complainant made a false accusation of sexual misconduct against CF was the evidence proffered by defendant. We noted that this evidence showed that defendant's claim that the complainant made a prior false accusation of sexual misconduct was more than a mere fishing expedition, and so concluded that he should have been allowed to confront his accuser (the complainant) about the prior instance. *Id*.

There was a hitch, however, because the prosecutor claimed that it was not the complainant who falsely accused CF of sexual misconduct, but "it was the complainant's stepsister who spread false rumors of the sexual misconduct, which the complainant denied." *Id*. at 11. Because there was no evidence of this in the record (and the prosecutor's assurances of what witnesses would have said was not evidence), we remanded this case to the trial court to conduct an evidentiary hearing to determine "whether the complainant previously accused CF of sexual misconduct and admitted that her accusations were false." *Id*.

At the evidentiary hearing on remand, the trial court heard from CF and CF's mother about an incident where the complainant's mother came to their home while only CF was there and asked CF whether he had made sexual advances towards the complainant, saying that she heard that he did. Both CF and his mother testified that when CF's mother got home and confronted the complainant and her mother in the street about the complainant's mother's accusations, the complainant admitted that CF had never made sexual advances towards her. The complainant also testified at the evidentiary hearing, and she confirmed that nothing ever happened between her and CF, but she denied ever alleging that CF made sexual advances towards her. The complainant explained that the allegations were a rumor started by her step-sister, and she testified that she never told her step-sister or anyone else that CF acted inappropriately towards her.

At the conclusion of the evidentiary hearing, the trial court stated that, based on CF and his mother's testimony, a jury could conclude that the complainant made a prior false accusation of sexual misconduct. It stated, however, that the testimony from CF and his mother would nonetheless be inadmissible under MRE 404(b) for the reasons that it gave before—the cases were too dissimilar. The court again noted that defendant was almost 40 years old when the complainant made accusations against him, whereas CF was only 12 years old when the accusation against him was made. The court also noted that defendant's relationship with the complainant was different; CF was a friend, whereas defendant was the complainant's mother's boyfriend. Turning to whether defendant should have been allowed to cross-examine the complainant under MRE 608, the trial court concluded that it would not be admissible under MRE 403. The trial court stated that, although the evidence was relevant, it believed that in light of the complainant denying ever making a false accusation, there would be a "trial within the original trial," with the jury having to decide whether the complainant actually made the false accusation or whether it was made by her step-sister.

Our task in this appeal is to review these evidentiary rulings by the trial court. A trial court's evidentiary ruling is reviewed for an abuse of discretion. *People v Mann*, 288 Mich App 114, 117; 792 NW2d 53 (2010). An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

Before substantively reviewing the trial court's rulings, we note that defendant in his supplemental brief does not seriously contest the substance of those rulings. Instead, he generally asserts that after he presented evidence that the complainant made a prior false accusation, the trial court's inquiry should have ended. This is incorrect. Our remand in the instant case was essentially the same as the remand in *People v Jackson*, 475 Mich 909, 910; 717 NW2d 871 (2006), where our Supreme Court remanded to the trial court "for an evidentiary hearing to evaluate defense counsel's request to present evidence regarding defendant's stepbrother's alleged prior false accusation of sexual abuse." That Court went on to explain:

> If the court determines that defense counsel has a good-faith basis, it must then determine whether the evidence of the alleged prior false accusation is being used for credibility purposes or for a proper purpose under MRE 404(b). Evidence that is admitted for credibility must be admitted in a manner that is consistent with MRE 608(b), which permits this type of specific conduct to be "inquired into on cross-examination of the witness" but does not permit the specific conduct to be "proved by extrinsic evidence." Evidence that is admitted for a proper purpose under MRE 404(b) can be proved by relevant extrinsic evidence. Accordingly, on remand, the circuit court shall determine whether defense counsel has a good-faith basis to present evidence regarding defendant's stepbrother's alleged prior false accusation and, if such a good-faith basis exists, whether the evidence is being admitted for credibility or for a proper purpose under MRE 404(b). [*Id*.]

Turning to the trial court's ruling that CF's and his mother's testimony were inadmissible under MRE 404(b), we conclude that the trial court did not abuse its discretion.[1]  MRE 404(b)(1) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

The party proposing the other-acts evidence bears the initial burden of establishing its non-propensity purpose.  *People v Mardlin*, 487 Mich 609, 615-616; 790 NW2d 607 (2010).

We agree with the trial court that the prior false accusation by the complainant is too dissimilar from the allegation against defendant for it to be evidence of motive, scheme, or plan. As noted by the trial court, CF was 12 years old when the complainant allegedly accused him of sexual misconduct, whereas defendant was in his late thirties.  Perhaps more significantly, CF was the complainant's friend, whereas defendant was the complainant's mother's boyfriend—an authority figure in the complainant's life.  The allegations against defendant also spanned several years, whereas the allegation against CF was only a single incident.  In light of these stark differences, we hold that the trial court did not abuse its discretion by concluding that CF's and his mother's testimony was not admissible under MRE 404(b)(1).

We next address whether the trial court abused its discretion by concluding that defendant would not have been allowed to cross-examine the complainant about the prior false accusation against CF, and we again conclude that the trial court's decision was not an abuse of discretion. MRE 608(b) states in relevant part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence.  They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Whether the trial court abused its discretion under MRE 608 was the crux of the problem with the last appeal; defendant had represented that he had two witnesses to confirm that the complainant had made a prior false accusation, but the trial court ruled that defendant was not allowed to cross-examine the complainant about that.  As already explained, the trial court partially reasoned, incorrectly, that evidence of the prior false accusation was irrelevant.  Despite this wrong

---

[1] Though defendant does not contest this ruling, we address it for the sake of thoroughness.

reasoning, it was unclear whether the trial court's ultimate ruling was an abuse of discretion because the prosecution had represented to the trial court, as it did to this Court, that the complainant would have testified that she never actually made a false accusation and that it was actually a false rumor started by her step-sister. As the prosecution's word was not evidence, we remanded the case for an evidentiary hearing, as explained above.

In light of the evidence presented at that hearing and the findings made by the trial court, we now conclude that the trial court's decision to not allow defendant to cross-examine the witness was not an abuse of discretion. As the trial court observed at the evidentiary hearing, the complainant denied ever making a false accusation against CF and explained that it was actually her step-sister who fabricated the allegations. Therefore, had defendant cross-examined the complainant about the alleged prior false accusation, the complainant would have denied it. In light of the complainant's denial of the accusation, the evidence would have not have been relevant, see MRE 401, and to any extent that it would have been relevant, it was not outside the range of reasonable and principled outcomes for the trial court to conclude that its minimal probative value was substantially outweighed by the danger that it would confuse the issues or mislead the jurors, see MRE 403. As noted by the trial court, the questioning would have resulted in a "trial within the original trial," with the jury having to decide whether the complainant actually made the false accusation despite her denial that she did not and her assertion that it was her step-sister that started the rumor. In light of the foregoing, we conclude that the trial court's decision that defendant would not have been permitted to cross-examine the complainant about the prior false accusation of sexual misconduct was not an abuse of discretion.[2]

Defendant next argues that the trial court erred by declining to rule on defendant's motion to recuse the trial judge. Before the evidentiary hearing, defendant moved to disqualify the trial judge under MCR 2.003(C)(1)(a) and (b), arguing that the trial judge's decision to allow the prosecution to present witnesses at the evidentiary hearing after previously stating that it did not intend to allow the prosecution to do so demonstrated that the judge was biased against defendant. The trial court ruled that, because this Court had retained jurisdiction, defendant should have filed his motion with this Court, and that the trial court did not have jurisdiction to rule on defendant's motion for disqualification. Defendant then requested that the chief judge review his motion for

---

[2] Even if this was a close call (which we do not think it was), we would still not reverse. As explained by our Supreme Court, "At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). It is for this reason that "the trial court's decision on a close evidentiary question such as this one ordinarily cannot be an abuse of discretion." *People v Sabin*, 463 Mich 43, 67; 614 NW2d 888 (2000).

Further, even if the trial court erred and it should have permitted defendant to question the complainant on cross-examination about the prior false accusation of sexual misconduct, the error was harmless; in light of the complainant's testimony that she never falsely accused CF of sexual misconduct and that it was her sister that started the false rumor, the error did not undermine the reliability of the verdict. See *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999).

disqualification pursuant to MCR 2.003(D)(3)(a)(*i*), and the chief judge reviewed the motion and denied it.

On appeal, defendant contends that the trial court erred because it did in fact have jurisdiction to rule on defendant's motion for disqualification. Assuming that defendant is correct, it is unclear what relief he seeks. Defendant does not contend that his motion should have been granted; indeed, despite that the chief judge denied defendant's motion in a de novo review, see MCR 2.003(D)(3)(a)(*i*), defendant argues not that this ruling was error but that "the chief judge's ruling was premature[.]" It therefore appears that the relief defendant seeks is for us to remand to the trial court for it to issue a ruling on defendant's motion for disqualification. We decline to do so because defendant's motion is clearly devoid of merit. Defendant's argument that the trial judge was biased or appeared biased is based solely on defendant's contention that the trial judge issued rulings unfavorable to him. Unfavorable rulings are not by themselves evidence of actual bias, and this Court has explained that "a ruling against a defendant, even if erroneous, does not create a serious, objective risk of actual bias that rises to an unconstitutional level." *People v Roscoe*, 303 Mich App 633, 647-648; 846 NW2d 402 (2014). Thus, disqualification of the trial judge was clearly not warranted under either MCR 2.003(C)(1)(a) or (b), and any error that the trial court made in declining to rule on defendant's motion was harmless.

Affirmed.

/s/ Kathleen Jansen
/s/ Jane M. Beckering
/s/ Colleen A. O'Brien