# Order

Michigan Supreme Court
Lansing, Michigan

January 22, 2021

160060

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

JUAN MARTINEZ, III,
      Defendant-Appellant.

_____/

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

SC: 160060
COA: 341147
Berrien CC: 2017-015329-FH

On January 6, 2021, the Court heard oral argument on the application for leave to appeal the June 18, 2019 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, VACATE the defendant's convictions and sentences, and REMAND this case to the Berrien Circuit Court for a new trial. We agree with dissenting Judge Riordan that the complainant's statements concerning a threat to make prior false allegations were not inadmissible hearsay because they were not offered for the truth of the matter asserted. MRE 801(c). Rather, the complainant's out-of-court statements were offered to directly attack the complainant's credibility. Although these statements were not hearsay, it does not automatically follow that they were admissible. See *People v Musser*, 494 Mich 337, 354 (2013). Character evidence is not admissible to prove an action in conformity therewith unless an exception applies. MRE 404(a). MRE 608 provides such an exception. The statements were admissible pursuant to MRE 608(b), which permits the admission of evidence "concerning the witness' character for truthfulness or untruthfulness" on cross-examination, limited to the purpose of attacking or supporting a witness' credibility. See *People v Jackson*, 475 Mich 909, 910 (2006).

The exclusion of this otherwise admissible evidence was not harmless. In this case, the excluded evidence was specific, highly relevant, and acknowledged by the complainant while under oath during the preliminary examination. The similarities between the threatened accusations against the complainant's biological father and the accusations against the defendant were striking and rendered the complainant's prior threat highly probative of her credibility as to the allegations she made against the defendant. See *People v Grissom*, 492 Mich 296, 317 (2012) (stating that when a witness is "prepared to admit on the stand that a prior accusation of a similar nature was false, it is hard to imagine good reason for excluding the evidence") (quotation marks and citation omitted). In light of the absence of other direct or circumstantial evidence supporting the defendant's convictions,

the exclusion of this impeachment evidence was not harmless error. The risk of prejudice is especially high in a case such as this in which the evidence essentially presents a one-on-one credibility contest between the complainant and the defendant because of the reasonable probability "that this additional attack on the complainant's credibility would have tipped the scales in favor of finding a reasonable doubt about [the] defendant's guilt." *People v Armstrong*, 490 Mich 281, 291-292 (2011); see also *People v Gursky*, 486 Mich 596, 620-621 (2010).

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 22, 2021



Clerk

a0119