*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL DAVID BRAEKEVELT,

        Defendant-Appellant.

UNPUBLISHED
January 23, 2025
11:29 AM

No. 371352
Livingston Circuit Court
LC No. 22-027638-FC

Before: M. J. KELLY, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

In this criminal sexual conduct proceeding, defendant appeals by leave granted[1] the trial court's order denying his motion to introduce evidence that the now-teenage complainants, twins NR and KR, allegedly made false allegations of sexual assault against their father at their mother's direction when they were three to five years old. The trial court allowed defendant to explore whether the twins previously lied at their mother's direction, provided defendant could lay a proper foundation. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged with five counts of first-degree criminal sexual conduct (sexual penetration of complainant under the age of 13 by actor at least 17 years old) (CSC-I), MCL 750.520b(1)(a); MCL 750.520b(2)(b); and four counts of second-degree criminal sexual conduct (sexual contact with complainant under the age of 13 by actor at least 17 years old) (CSC-II), MCL 750.520c(1)(a); MCL 750.520c(2)(b). Generally, the twins allege that their mother left them in defendant's care when they were approximately seven to 11 years old, and defendant repeatedly sexually assaulted them while they were in his care. They did not report the assaults until several years later.

---

[1] *People v Braekevelt*, unpublished order of the Court of Appeals, entered August 16, 2024 (Docket No. 371352).

Defendant obtained records from Children's Protective Services (CPS) reflecting that the twins' mother alleged that the twins' father had sexually abused them. At the time, the twins were three years old, and subsequent investigations established that they were incapable of articulating what their mother alleged they had reported and had no comprehension of the nature of the allegations. The twins' mother continued repeating those allegations at least until the twins were five years old. The CPS documents suggest that there may have been a few occasions where the twins personally made statements about their father touching them, but investigators determined that the twins did not seem to understand the difference between the truth and a lie at the time. The CPS investigations resulted in findings that the twins' mother lacked credibility, the allegations were untrue, and, at the most, the twins repeated things their mother told them to say. The twins later stated that their mother lied and that their father never abused them.

Defendant sought permission to cross-examine the twins regarding the prior allegations against their father. The trial court held an *in camera* hearing at which the twins could not remember making any allegations against their father. They testified that they did recall their mother telling them to lie about their father, and they conceded that they might have done so, but they had no recollection of doing so. They agreed that any statements that their father abused them were untrue. The trial court denied defendant's motion to cross-examine the twins regarding the prior sexual assault allegations, finding no evidence that they actually made any prior sexual assault allegations. However, the trial court ruled that, if defendant could first lay a proper foundation, he might be permitted to explore whether the twins had previously lied at their mother's direction. From this decision, defendant appeals.

## II. STANDARD OF REVIEW

The appellate court reviews evidentiary decisions for an abuse of discretion. *People v Butler*, 513 Mich 24, 29; 6 NW3d 54 (2024). A trial court abuses its discretion if it chooses an outcome falling outside the principled range of outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). The appellate court also reviews any questions of law underlying evidentiary decisions de novo, and a trial court necessarily abuses its discretion by admitting legally inadmissible evidence. *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). This Court reviews de novo whether a defendant has been denied the constitutional right to present a defense. *People v Zitka*, 335 Mich App 324, 332; 966 NW2d 786 (2020).

## III. PROPER PROCEDURE FOR ADMITTING PRIOR FALSE ALLEGATIONS OF SEXUAL ASSAULT

There is no dispute that evidence of a sexual assault complainant's sexual conduct is generally inadmissible, but there can be situations under which such evidence may be admissible, and "the defendant should be permitted to show that the complainant has made false accusations of rape in the past." *People v Hackett*, 421 Mich 338, 348; 365 NW2d 120 (1984). Our Supreme Court set forth a procedure to evaluate the admissibility of evidence of a complainant's prior sexual conduct, under which the defendant must make an offer of proof of the evidence and its relevance. *Butler*, 513 Mich at 30. If the defendant's offer of proof is sufficient, the trial court must hold an *in camera* evidentiary hearing to determine whether the evidence is admissible, and the trial court must limit the scope of cross-examination and may exclude evidence under MRE 403. *Butler*, 513 Mich at 30.

Evidence that a complainant made a *false* accusation is not evidence of "sexual conduct," so the rape-shield statute, MCL 750.520j, is inapplicable to that evidence, and its procedural requirements also do not apply. *People v Jackson*, 475 Mich 909, 910 (2006).[2] Nevertheless, before admitting any such evidence, the trial court must determine that the defense has a good-faith basis for presenting the evidence, and it may only be introduced consistent with MRE 404(b) or MRE 608(b). *Id.* Our Supreme Court has assumed, without deciding, that the procedure stated in *Hackett* also applies to the admission of evidence of prior false accusations. *Butler*, 513 Mich at 29. Michigan has yet to establish a standard of proof by which the defendant must establish that the prior allegations were false, and our Supreme Court noted that other jurisdictions adopted standards that ranged from less stringent to more stringent than a preponderance. *Id*. at 33-34.

We need not decide whether the trial court was required to follow the procedure stated in *Hackett* because the trial court actually followed that procedure and the parties have not argued that doing so was impermissible. As will be discussed, we also need not resolve the proper standard of proof by which a defendant must establish that a complainant made prior false sexual assault allegations because even presuming a mere preponderance standard, defendant cannot meet it.

## IV. EVIDENCE OF PRIOR FALSE SEXUAL ASSAULT ALLEGATIONS

NR vaguely testified that her mother persuaded her to say untrue things about her father, but that she could not recall actually making any false allegations of sexual assault. KR recalled that her mother told the twins to lie about their father doing sexual things to them, but she also could not recall actually making any such false allegations. Their testimony does not establish that they actually made any false allegations. Rather, their testimony only establishes that any such allegations, if made, would have been untrue. But an untrue statement made without volition or intent to deceive is not a legally "false" statement. See *In re Green*, 512 Mich 533, 558-559; 999 NW2d 683 (2023). Even considering the CPS documents,[3] they mostly reflect that the twins' mother reported the twins making sexual-abuse allegations despite the fact that the twins were incapable of doing so and did not understand the nature of those allegations. The reason for introducing prior false allegations of sexual assault is not to impeach the complainant for prior sexual activity, but because the complainant "has lied concerning similar charges in the past." *People v Mikula*, 84 Mich App 108, 115-116; 269 NW2d 195 (1978).[4] Even supposing the CPS

---

[2] Although only an order, "Supreme Court orders that include a decision with an understandable rationale establish binding precedent." *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

[3] Defendant conceded in the trial court that the CPS documents are inadmissible. We are considering them because they present the only support for prior sexual assault allegations in light of the twins' lack of any recollection. Curiously, within those CPS documents, defendant, as the roommate of the twins' mother, reported to CPS that the twins made statements indicating sexual abuse by their father.

[4] We are not strictly bound to follow *Mikula* because it was decided before November 1, 1990, but *Mikula* is still precedential under the rule of stare decisis. *People v Bensch*, 328 Mich App 1, 7 n

documents show that the twins—and not their mother—said things about their father that were untrue, they do not show that the twins *lied*. At the most, they only said things that were untrue. In other words, defendant's evidence only establishes that *the twins' mother* lied and manipulated the twins in the process.[5]

We need not consider whether any evidence that the twins made prior false allegations of sexual assault would otherwise be admissible under the rules of evidence because the trial court correctly found that defendant provided no such evidence.

## V. EVIDENCE OF PRIOR LYING BY THE TWINS AT THE DIRECTION OF THEIR MOTHER

Notably, defendant's theory of his defense is, in part, that he is the latest victim of the twins' mother's pattern of leveling false allegations of sexual abuse at people in her life. The trial court recognized that defendant, through the CPS records, had produced evidence that the twins' mother made prior false allegations of sexual assault and manipulated her children into unknowingly saying things that were untrue. The trial court ruled that defendant could potentially ask "questions with a good foundation that may bear on specific instances of prior untruths told by these witnesses at the persuasion or suggestion of their mother," meaning "[y]ou know, mom told you to lie before, and you may have; are you lying now." This nuanced ruling therefore does not preclude defendant from exploring whether the twins had ever lied at their mother's direction and exploring the possibility that they were again lying. This ruling is appropriate because it is consistent with the twins' testimony that they did not remember making any false claims of sexual assault but that they did remember their mother telling them to lie about their father. Although defendant may not inquire specifically into whether the twins made false allegations of sexual assault, he may still attack their credibility by inquiring into whether they previously lied about their father.

Defendant complains that the trial court imposed an impossible burden by requiring him to lay a foundation. We disagree. "[T]he [constitutionally guaranteed] right to present a defense extends only to relevant and admissible evidence." *Zitka*, 335 Mich App at 333 (quotation marks and citation omitted). Further, it appears that defendant may be confusing the trial court's ruling

---

6, 935 NW2d 382 (2019). Furthermore, we may find opinions persuasive even if they are not binding. *People v Jamison*, 292 Mich App 440, 445; 807 NW2d 427 (2011).

[5] Defendant asks for a second evidentiary hearing at which he could examine the twins' mother and father regarding the alleged prior false sexual assault allegations. Doing so would be futile because MRE 608(b) does not permit extrinsic evidence of conduct. *Jackson*, 475 Mich at 910. Defendant is " 'stuck with' " the twins' answers. *People v Lester*, 232 Mich App 262, 276; 591 NW2d 267 (1998), overruled on other grounds *People v Chenault*, 495 Mich 142, 146; 845 NW2d 731 (2014).

that defendant may not inquire into the prior sexual assault claims with the trial court's ruling that defendant *may* inquire into prior lies at the twins' mother's direction. Defendant does not otherwise explain how it would be impossible for him to lay a proper foundation.

Affirmed.

/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace