## PEOPLE v STIMAGE

Docket No. 143094. Submitted September 14, 1993, at Lansing. Decided October 5, 1993, at 9:20 A.M.

Joseph D. Stimage was convicted by a jury in the Oakland Circuit Court, Richard D. Kuhn, J., of possession with intent to deliver less than fifty grams of cocaine. He then pleaded guilty of being an habitual offender, fourth offense, and was sentenced to 3½ to 20 years' imprisonment. He appealed, alleging several errors.

The Court of Appeals *held:*

1. A police officer properly was allowed to testify as an expert regarding the significance of the quantity of drugs found in the defendant's possession. The evidence was admissible to aid the jury in determining the defendant's intent and his guilt of the charged offense. The fact that the testimony embraced the ultimate issue of intent to deliver did not render it inadmissible.

2. The defendant's objection in the trial court regarding a police officer's testimony that a drug transaction was taking place, on the ground that the prosecutor had failed to lay a proper foundation for the testimony, did not preserve for appellate review a claim that the testimony was an inadmissible legal opinion. Further, the officer's opinion was not a legal opinion regarding an essential element of the crime charged because proof of an actual delivery of narcotics was not required to prove the intent to deliver.

3. In light of the overwhelming evidence of the defendant's guilt, the erroneous admission of statements by police informants, although inadmissible hearsay, was harmless.

4. The prosecutor's injection of an improper civic-duty argument into his closing statement was cured by a proper cautionary instruction.

5. The prosecutor erred in failing to make an opening statement. The error does not require reversal, however, because there has been no showing of prejudice to the defendant's case.

Affirmed.

REFERENCES

Am Jur 2d, Trial § 515.

See ALR Index under Arguments of Counsel; Prosecuting Attorneys.

CRIMINAL LAW — PROSECUTING ATTORNEYS — OPENING STATEMENTS.
> Unless the parties and the court agree otherwise, the prosecutor is required to make an opening statement in a criminal trial; the failure of the prosecutor to make an opening statement does not constitute error requiring reversal in the absence of a showing of prejudice to the defendant's case (MCR 6.414[B]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *Daniel A. O'Brien,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel & Wolfram* (by *Marvin S. Shwedel*), and *Bruce T. Leitman, P.C.* (by *Bruce T. Leitman*), for the defendant on appeal.

Before: HOLBROOK, JR., P.J., and FITZGERALD and TAYLOR, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). Defendant subsequently pleaded guilty of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084, and was sentenced to a prison term of 3½ to 20 years. Defendant appeals as of right.

Defendant first contends that the trial court erred in permitting a police officer to testify as an expert regarding the significance of the quantity of the drugs allegedly found in defendant's possession as it related to the issue regarding intent to deliver. Defendant did not object to the officer's opinion testimony. Absent a showing of manifest injustice, objections to the admission of evidence cannot be raised for the first time on appeal. *People v Spearman,* 195 Mich App 434, 445-446; 491 NW2d 606 (1992).

Here, the testimony, which was based on the

officer's training and experience, was admissible to aid the jury in determining the defendant's intent and his guilt of the charged offense. The fact that the testimony embraced the ultimate issue of intent to deliver did not render the evidence inadmissible. *People v Williams (After Remand),* 198 Mich App 537, 542; 499 NW2d 404 (1993); *People v Ray,* 191 Mich App 706, 707; 479 NW2d 1 (1991).

Defendant also claims that a second police officer's testimony that a drug transaction was taking place was an inadmissible legal opinion. However, at trial defendant objected to the testimony on the ground that the prosecutor had failed to lay a proper foundation for the testimony. An objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground. *Williams v Coleman,* 194 Mich App 606, 620; 488 NW2d 464 (1992). Further, the officer's opinion was not a legal opinion regarding an essential element of the crime charged because proof of an actual delivery of narcotics is not required to prove intent to deliver. *People v Wolfe,* 440 Mich 508, 524; 489 NW2d 748 (1992).

Next, we agree with defendant that the informants' statements were inadmissible hearsay. In light of the overwhelming evidence of defendant's guilt, however, the erroneous admission of the statements was harmless. *People v Oswald (After Remand),* 188 Mich App 1, 8; 469 NW2d 306 (1991).

Defendant further contends that the prosecutor injected an improper civic-duty argument into his closing statement. Again, we agree. However, the civic-duty argument was cured by a cautionary instruction that "arguments of counsel are not evidence." *People v Curry,* 175 Mich App 33, 45; 437 NW2d 310 (1989).

Lastly, defendant claims that the prosecutor's

failure to give an opening statement was error requiring reversal.

MCR 6.414(B), which became effective on October 1, 1989, provides:

> Unless the parties and the court agree otherwise, the prosecutor, before presenting evidence, *must* make a full and fair statement of the prosecutor's case and the facts the prosecutor intends to prove. [Emphasis added.]

MCR 6.414(B) is a stylistically revised version of MCR 2.507(A), which governs opening statements in civil trials. Rule 2.507(A) is based on GCR 1963, 507.1. GCR 1963, 507.1, read in part:

> Opening Statements. Before the introduction of any evidence, the attorney for the party who is to commence the evidence *shall* make a full and fair statement of his case and the facts he intends to prove. [Emphasis added.]

In *People v Koharski,* 177 Mich 194, 196; 142 NW 1097 (1913), the Court stated:

> We are of the opinion that the rule [Circuit Court Rule 24, predecessor to GCR 1963, 507.1, now MCR 2.507(A)] is directory, and that it was promulgated for the purpose of having the plaintiff's case outlined in advance so that the jury could the better see the force and bearing of the evidence as it came in, and, while we think it is a proper rule to enforce, we are not prepared to say that the refusal to enforce it is reversible error, where its omission is not shown to have been prejudicial to respondent's case.

See also *People v Clayton,* 236 Mich 692, 694, 695; 211 NW 42 (1926), *People v Nicen,* 123 Mich App 258, 261; 333 NW2d 243 (1983), and *People v*

*Joseph,* 24 Mich App 313, 318-319; 180 NW2d 291 (1970).

Defendant argues, however, that the use of the word "must" in MCR 2.507(A) and MCR 6.414(B), instead of the word "shall," as used in GCR 1963 507.1, is indicative of the Supreme Court's intent to make the requirement of a prosecutorial opening statement mandatory[1] rather than directory. We agree. However, we are reluctant to reverse a jury's determination solely because there was no opening statement. Accordingly, we hold that the failure of the prosecutor to make an opening statement does not constitute error requiring reversal in the absence of a showing of prejudice to defendant's case. Here, defendant did not object to the failure of the prosecutor to give an opening statement, and it is not pointed out by defendant how his case has suffered by reason of omission of the prosecutor's opening statement.[2] Hence, no error requiring reversal occurred.

Affirmed.

---

[1] "Unless the parties and the court agree otherwise." MCR 6.414(B).

[2] Defendant simply states that "[t]he failure of the prosecutor to give an opening statement in this case was prejudicial."