*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 18, 2019

Plaintiff-Appellee,

v

No. 342244
Wayne Circuit Court
LC No. 17-002311-01-FC

DEQUAN ALAN KEMP,

Defendant-Appellant.

Before: TUKEL, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for first-degree premeditated murder (first-degree murder), MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). Defendant was sentenced to imprisonment for life without parole for his first-degree murder conviction and to two years' imprisonment for his felony-firearm conviction. We affirm.

## I. FACTS

This case arises from the fatal shooting of Emmet Conner, Jr. (Conner) outside of his house in Detroit. Defendant borrowed Conner's pickup truck one morning. Defendant used the truck until the middle of the afternoon and returned it to Conner's house when he was finished. After defendant returned the truck, Conner and defendant got in an argument because the truck almost was out of gas when defendant returned it. During this argument, defendant took out a gun and shot at Conner five times. Conner fell to the ground after the second shot and defendant continued to shoot at Conner. Conner was hit with three bullets, two of them were independently fatal. After the shooting, defendant fled the scene.

## II. PRIOR TESTIMONY AND MISSING WITNESS

The prosecution was unable to locate the only eyewitness to the shooting, Darryll Baldwin (Baldwin), in order to compel his testimony at trial, and the parties were required instead to rely on his testimony at the preliminary examination. At trial, defense counsel objected to this on the ground that he wished to further cross-examine Baldwin regarding his

-1-

conflicting prior statements to police. The trial court took the opportunity to put on the record the efforts that the prosecution had made to locate Baldwin. To that end, Detroit Police Detective Paytra Williams testified that over 40 "man-hours" were spent going by Baldwin's house, which included the efforts made by the Ninth Precinct Special Operations Sergeant. Baldwin told the sergeant that he was not going to court.

Defendant argues on appeal that the trial court erred by permitting Baldwin's preliminary examination testimony to be read into the record at trial and that he was entitled to a missing witness jury instruction because the police failed to exercise due diligence to find Baldwin. Defendant additionally argues that allowing the transcript of Baldwin's preliminary examination testimony to be read at trial violated his constitutional right to confront Baldwin. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

To preserve an issue regarding a trial court's evidentiary ruling, a defendant must raise that particular issue in the trial court and raise the same basis for objection on appeal. *People v Gaines*, 306 Mich App 289, 306; 856 NW2d 222 (2014); *People v Stimage*, 202 Mich App 28, 30; 507 NW2d 778 (1993). "[A]n objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground." *People v Bulmer*, 256 Mich App 33, 35; 662 NW2d 117 (2003) (citation omitted).

At trial, defense counsel argued that Baldwin's prior testimony should not be read into the record at trial because he wished to cross examine Baldwin about his first statement to police about the shooting and that such cross was important to establishing a defense. Defense counsel did not argue that the police failed to exercise due diligence when attempting to locate Baldwin and the defense stated that it "did not doubt" that "reasonable efforts were made" by the police to locate Baldwin. Defendant's trial attorney also said that, "despite their best efforts," the prosecution "cannot and has not produced" Baldwin as a witness at trial. Thus, the issue of whether the prosecution failed to exercise due diligence in their attempt to locate Baldwin is not preserved. *Gaines*, 306 Mich App at 306.

Defendant's unpreserved claim of evidentiary error is reviewed for plain error affecting a defendant's substantial rights. *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014); *Bulmer*, 256 Mich App at 35, citing *People v Carines*, 460 Mich 750, 763, 774; 597 NW2d 130 (1999). An unpreserved constitutional claim is subject to review for plain error. *Carines*, 460 Mich at 764. To avoid forfeiture under the plain error rule, three requirements must be met: (1) an error must have occurred; (2) the error must have been plain error; (3) and the plain error must have affected substantial rights, *i.e.*, the defendant was prejudiced (the defendant generally must show that the error affected the outcome of the lower court proceedings). *Id.* at 763. An appellate court must then exercise its discretion in deciding whether to reverse a defendant's conviction. *Id.* Reversal is warranted only when the plain error results in a conviction of an innocent defendant or seriously affects the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence. *Id.*

## B. ANALYSIS

Because defendant's trial attorney affirmatively approved of the efforts the prosecution made to attempt to locate Baldwin, defendant has waived his argument that the prosecution did not exercise due diligence when attempting to locate Baldwin so he could testify at trial. *People v Jackson*, 313 Mich App 409, 420; 884 NW2d 297 (2015) (waiver occurs when a defendant "affirmatively approve[s]" of an issue before the trial court, only to later argue that there was error on appeal). When waiver occurs the error is extinguished "and precludes defendant from raising the issue on appeal." *People v Carter*, 462 Mich 206, 209, 215; 612 NW2d 144 (2000).

Addressing the merits of defendant's claim, his arguments also fail. Preliminary examination testimony is properly admitted at trial and does not violate a defendant's right of confrontation "if the witness is unavailable in the sense explained in MRE 804(a)(5)." *People v Bean*, 457 Mich 677, 683; 580 NW2d 390 (1998). Under MRE 804(a)(5), a witness is unavailable when he or she "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means, and in a criminal case, due diligence is shown." MRE 804(a)(5). In order to show that a witness is unavailable for purposes of MRE 804(a)(5), "the prosecution must have made a diligent good-faith effort in its attempt to locate a witness for trial." *Bean*, 457 Mich at 684. This Court examines the reasonableness of the prosecution's actions based on the facts and circumstances of the case to determine whether this requirement has been met. *Id*. In other words, this Court asks "whether diligent good-faith efforts were made to procure the testimony, not whether more stringent efforts would have produced it." *Id*. Finally, a defendant is only entitled to a missing witness jury instruction if the prosecution did not exercise due diligence in its attempts to locate the missing witness. *People v Eccles*, 260 Mich App 379, 388-389; 677 NW2d 76 (2004).

At trial, Detective Williams testified that she "attempted to go by [Baldwin's] home several times," but that Baldwin "was not there" each time she attempted to locate him. Additionally, a witness detainer was issued for Baldwin and, after the witness detainer was issued, "probably over forty man hours or more" were spent by police officers "going by [the Baldwin residence]" and attempting to locate him. Detective Williams also testified that Baldwin repeatedly told other police officers that he would not come to testify at trial, but she noted that Baldwin had been in contact with his family and that they knew where he was. Additionally, another police officer went to the Baldwin residence to attempt to serve Baldwin with a subpoena to testify at the preliminary examination and noticed that Baldwin's family did not appear to want to be involved in this case.

Defendant argues that the prosecution could have spent its time more efficiently to locate Baldwin and that if a police officer had checked for Baldwin at his residence on Thanksgiving, then they would have found Baldwin. Defendant, however, when he had the opportunity at trial failed to question Detective Williams about how the police officers allocated their time when searching for Baldwin. As such, defendant cannot now argue on appeal that there is insufficient information to determine whether the police officers searching for Baldwin did so in an efficient manner. See *People v Witherspoon*, 257 Mich App 329, 333; 670 NW2d 434 (2003) ("an appellant may not benefit from an alleged error that the appellant contributed to by plan or negligence.").

The record shows police officers spent more than 40 hours searching for Baldwin, despite Baldwin's repeated statements that he would not appear to testify at trial. Even without

considering defendant's admission at trial that the prosecution used their "best efforts" to attempt to locate Baldwin, the evidence establishes that the prosecution exercised due diligence in attempting to locate Baldwin. See *Bean*, 457 Mich at 683-684. Thus, the trial court did not err by finding that Baldwin was an unavailable witness and admitting his prior testimony into the record at trial. Because the prosecution exercised due diligence, defendant was not entitled to a missing witness jury instruction. See *Eccles*, 260 Mich App at 388-389.

Defendant also argues that his Sixth and Fourteenth Amendment right to confront the prosecution's evidence was violated when the trial court allowed Baldwin's preliminary examination testimony to be read into the record at trial. "The Confrontation Clause of the United States Constitution provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . .' " *People v Fackelman*, 489 Mich 515, 524-525; 802 NW2d 552 (2011), citing US Const, Am XIV (alterations in original). "The confrontation right is incorporated to apply to states through the Due Process Clause of the Fourteenth Amendment." *People v Bruner*, 501 Mich 220, 227; 912 NW2d 514 (2018). A defendant's right to confront witnesses, however, only applies to testimonial evidence. *Id*. Evidence is testimonial if it is "a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id*. (citation and quotation marks omitted). "Testimonial statements of witnesses absent from trial," however, "may be admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id*. (citation and quotation marks omitted).

As explained above, Baldwin was unavailable to testify at trial. Furthermore, defendant had an opportunity to cross examine Baldwin at the preliminary examination. Thus, defendant had an opportunity to confront Baldwin and his right to confront Baldwin was not violated when the trial court permitted Baldwin's preliminary examination testimony to be read into the record at trial. See *id*.

III. HEARSAY

At trial, during cross-examination of Detroit Police Officer Tracy Weinert, defense counsel attempted to introduce prior inconsistent statements that Baldwin made to Officer Weinert, wherein he stated that he was not present for the shooting. Defense counsel posited that those statements fell under the excited utterance exception to the rule prohibiting hearsay. The trial court ruled that these statements were inadmissible hearsay. Defendant argues on appeal that the trial court erred and thereby violated his constitutional right to present a defense and call witnesses in his own defense was violated as a result. We disagree.

A. PRESERVATION AND STANDARD OF REVIEW

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW 2d 67 (2001). Defense counsel did not object to the omission of the proffered evidence based on any constitutional grounds, and therefore, he failed to preserve this issue. As explained *supra*, an unpreserved constitutional claim is subject to review for plain error. *Carines*, 460 Mich at 764.

-4-

## B. ANALYSIS

A defendant has a constitutional right to present a defense. *People v Unger*, 278 Mich App 210, 226, 249-250; 749 NW2d 272 (2008). However, the right to present a defense is not absolute. *Id*. at 250. Because a "defendant must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt or innocence," the right to present a defense only extends to relevant and admissible evidence. *People v Solloway*, 316 Mich App 174, 198; 891 NW2d 255 (2016) (quotation marks and citation omitted).

"Under Michigan's evidentiary rules, hearsay is an unsworn, out-of-court statement that is offered in evidence to prove the truth of the matter asserted." *People v Musser*, 494 Mich 337, 350; 835 NW2d 319 (2013) (citations and quotation marks omitted). If a statement is offered "for a purpose other than to prove the truth of the matter asserted, then the statement, by definition, is not hearsay." *Id*. Even if a statement is not hearsay, however, it must be relevant to be admissible. See MRE 402 ("Evidence which is not relevant is not admissible."). "Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more probable or less probable than it would be without the evidence." *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001), citing MRE 401. Even if evidence is relevant, however, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence." *Aldrich*, 246 Mich App at 114.

At trial, defendant's trial attorney attempted to question P.O. Weinert about a statement Baldwin told her and she memorialized in writing on February 17, 2017. Specifically, defendant's trial attorney asked P.O. Weinert if she wrote anything down about Baldwin telling her that he saw defendant shoot Conner. The prosecution objected on hearsay grounds and the trial court sustained the objection. Defendant argues that Baldwin's statement was not offered for the truth of the matter asserted, but as impeachment evidence. Specifically, defendant attempted to impeach Baldwin's testimony by showing that Baldwin initially told P.O. Weinert that he did not see defendant shoot Baldwin. If the statement had been admitted, defendant argues, he would have impeached defendant's subsequent testimony from the preliminary examination that he saw defendant shoot Conner. Taken at face value, defendant's argument is correct; the proposed testimony was not hearsay because it was not offered for the truth of the matter asserted. See *Musser*, 494 Mich at 350.

The trial judge, however, sustained the prosecution's hearsay objection because P.O. Weinert's testimony was "another way of getting" Baldwin's February 17, 2017 statement to P.O. Weinert into the record. Baldwin's initial statement to P.O. Weinert, however, already was presented to the jury when the prosecutor and defendant's trial attorney questioned Baldwin about it at the preliminary examination and Baldwin admitted that what he told P.O. Weinert on February 17, 2017, was not the truth. As such, when defendant's trial attorney questioned P.O. Weinert about Baldwin's February 17, 2017, comments regarding Conner's shooting, the evidence was cumulative because the jury had already been presented with evidence of Baldwin's inconsistent statements through his preliminary examination testimony which had been read to the jury. Accordingly, the trial judge did not abuse her discretion by preventing P.O. Weinert from testifying about what Baldwin told her on February 17, 2017. See *Aldrich*,

246 Mich App at 114. Even if the trial court abused its discretion by preventing P.O. Weinert from testifying about Baldwin's statement, any error was harmless because the jury had already been presented with Baldwin's inconsistent statements when his preliminary examination testimony was read into the record at trial. Thus, P.O. Weinert's proposed testimony would not have affected the outcome of trial.[1] See *People v Whittaker*, 465 Mich 422, 426-427; 635 NW2d 687 (2001) (holding that preserved nonconstitutional error is harmless unless it affected the outcome of trial).

Defendant argues that his Sixth and Fourteenth Amendment rights to present a defense were violated. However, he called Baldwin's mother and himself as witnesses. He also had an opportunity to cross examine Baldwin during the preliminary examination and all of the prosecution's other witnesses during his trial. Thus, defendant's right to present a defense and to call witnesses in his own defense was not violated.

## IV. SUFFICIENCY OF THE EVIDENCE

Defendant argues on appeal that there was insufficient evidence to support his first-degree murder conviction. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

A defendant need not take any special steps to preserve a sufficiency of the evidence challenge. *People v Cain*, 238 Mich PP 95, 116-114; 605 NW 2D 28 (1999). Challenges to the sufficiency of the evidence are reviewed de novo to determine if any rational trier of fact could determine that the essential elements of the crime were proven beyond a reasonable doubt. *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012). All conflicts in the evidence are resolved in favor of the prosecution. *Id*. "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to prove the elements of the crime." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). On appeal, "[t]his Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 618-619; 751 NW2d 57 (2008). Finally, to sustain a conviction, due process requires sufficient evidence to justify a rational trier of fact finding guilt beyond a reasonable doubt. *People v Breck*, 230 Mich App 450, 456; 584 NW2d 602 (1998). Questions of constitutional law are reviewed de novo. *Trakhtenberg*, 493 Mich at 47.

## B. ANALYSIS

---

[1] Preserved nonconstitutional error, like the one at issue here, is only grounds for reversal if it is more probable than not that the error was outcome determinative. *People v Williams*, 483 Mich 226, 243; 769 NW2d 605 (2009); *Lukity*, 460 Mich at 495-496. An error is outcome determinative if it undermines the reliability of the verdict. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010).

First-degree murder, MCL 750.316(1)(a), has two elements: "(1) the intentional killing of a human [and] (2) with premeditation and deliberation."[2] *People v Oros*, 502 Mich 229, 239-240; 917 NW2d 559 (2018) (citation and quotation marks omitted). "[T]o premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem." *Id*. at 240 (citation and quotation marks omitted). While premeditation and deliberation are separate elements, "a rigid and mechanical application is often difficult because the same facts may tend to establish each element, and they are subjective factors usually incapable of direct proof absent an admission or confession by the defendant." *Id*. at 241. "Premeditation and deliberation may be established by an interval of time between the initial homicidal thought and ultimate action, which would allow a reasonable person time to subject the nature of his or her action to a 'second look.' " *Id*. at 242. The interval of time required for premeditation and deliberation can be as small as a few seconds, "but it is within the province of the fact-finder to determine whether there was sufficient time for a reasonable person to subject his or her action to a second look." *Id*. at 242-243.

When viewing the evidence in the light most favorable to the prosecution, defendant and Conner argued about whether defendant put enough gas in Conner's truck. During the course of this argument defendant took out a gun and shot at Conner five times. Three of those shots struck Conner and two of them were independently fatal. Baldwin did not see the first shots, but he did see defendant shoot at Conner after Conner fell to the ground. Defendant clearly had the intent to shoot at Conner and continued to shoot at Conner after Conner fell to the ground. Because defendant shot at Conner multiple times, he had an opportunity to take a "second look" at his actions after he drew his gun and after each shot he took at Conner. See *Oros*, 502 Mich at 240-243. Defendant had multiple opportunities to consider what he was doing and a rational jury could have found beyond a reasonable doubt that defendant's actions were premeditated and deliberate. Defendant also clearly intended to kill Conner because he shot at Conner multiple times, including after Conner fell to the ground. Thus, a rational jury could also have concluded beyond a reasonable doubt that defendant intended to kill Conner. Moreover, immediately after the shooting, defendant jumped a fence and ran toward a nearby bus stop. Flight from the scene of the crime does not prove premeditation and deliberation, but can be used to support an inference of consciousness of guilt. *Unger*, 278 Mich App at 226 (quotation marks and citations omitted). As such, there was sufficient evidence for a rational jury to find beyond a reasonable doubt that defendant committed first-degree murder.

V. CONCLUSION

Affirmed.

/s/ Jonathan Tukel
/s/ Kathleen Jansen
/s/ Michael J. Riordan

---

[2] Defendant only challenges the sufficiency of the evidence for his first-degree murder conviction.