*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRIAN MICHAEL HANCOCK,

        Defendant-Appellant.

UNPUBLISHED
January 16, 2020

No. 345034
Oakland Circuit Court
LC No. 2018-265751-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRIAN MICHAEL HANCOCK,

        Defendant-Appellant.

No. 345035
Oakland Circuit Court
LC No. 2017-265175-FC

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

In Docket No. 345034, defendant appeals as of right his jury trial conviction of one count of first-degree criminal sexual conduct (CSC) (person under 13 years; defendant 17 years or older), MCL 750.520b(2)(b). Defendant was sentenced to 180 months to 35 years of imprisonment for this first-degree CSC conviction. In Docket No. 345035, defendant appeals as of right his jury trial convictions of four counts of first-degree CSC (person under 13 years; defendant 17 years or older), MCL 750.520b(2)(b). Defendant was sentenced to 25 to 35 years of imprisonment for each of the four counts of first-degree CSC. We affirm.

I. FACTS

-1-

This case arises from sexual assaults committed by defendant against four of his female cousins, ZH, SH, GH, and JH, who are sisters. The victims testified that defendant perpetrated acts of CSC against them between the years of 2006 and 2010 at the home of their paternal grandparents, defendant's parents. However, defendant was only charged with four counts of first-degree CSC pertaining to ZH, one count of first-degree CSC pertaining to GH, and two counts of first-degree CSC pertaining to SH. Defendant was convicted of the four counts pertaining to ZH and the one count pertaining to GH, and he was acquitted of the two counts pertaining to SH. Defendant now appeals his convictions and sentence. We affirm.

## I. PHOTOGRAPHIC EVIDENCE

Defendant first argues that his right to present a defense and his right to a fair trial were violated when the trial court excluded photographs of his bedroom and the basement living room area of the victims' and defendant's grandparents' home because the photographs supported his theory of defense. He also argues that defense counsel was ineffective for failing to timely disclose photographs which the trial court subsequently did not enter into evidence at defendant's trial. We disagree.

Typically, "[f]or an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). At trial, defendant sought the admission of the photographs because they exhibited the interior of defendant's bedroom and the basement living room area. *Metamora Water Serv, Inc*, 276 Mich App at 382; MRE 103(a)(2). However, defendant did not raise any constitutional argument, and his claim is therefore unpreserved. *People v Stimage*, 202 Mich App 28, 30; 507 NW2d 778 (1993) ("An objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground."). Unpreserved constitutional claims are reviewed for plain error affecting substantial rights. *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012). Defendant has the burden to show (1) "error"; (2) that was "plain," meaning "clear or obvious"; (3) and that affected substantial rights or caused prejudice, meaning "that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

"A defendant has a constitutionally guaranteed right to present a defense." *People v Yost*, 278 Mich App 341, 349; 749 NW2d 753 (2008). "But this right is not absolute: the accused must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id*. (quotation marks and citations omitted). "Such rules do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve." *People v Unger*, 278 Mich App 210, 250; 749 NW2d 272 (2008) (quotation marks and citation omitted).

Defendant's constitutionally guaranteed right to present a defense is limited by the requirement to comply with the rules of evidence and procedure. *Yost*, 278 Mich App at 349. The trial court entered pretrial orders requiring defendant to disclose to the prosecution any exhibit that defense counsel intended to use at trial 14 days before trial began. Defense counsel conceded that he was aware of this requirement, and his production of the photographs on the third day of trial was untimely. Thus, it was not an abuse of discretion for the trial court to enforce the pretrial order, and therefore exclude admission of the photographs. *People v Feezel*,

486 Mich 184, 192; 783 NW2d 67 (2010). It was not an abuse of discretion for the trial court to preclude admission on the basis of not delaying the trial that was in progress. *United States v Scheffer*, 523 US 303, 308; 118 S Ct 1261; 140 L Ed 2d 413 (1998).

Moreover, the testimony of the witnesses was, for the most part, consistent regarding the basement living room area and defendant's bedroom. The only inconsistencies regarded whether defendant's bedroom door had a lock on the inside, and whether the decorative "talking fish" was located inside of defendant's bedroom, or in the basement living room. These inconsistencies were irrelevant to the CSC charges against defendant. Therefore, the admission of the photographs likely would not have affected the outcome of the proceedings and did not prejudice defendant. *Carines*, 460 Mich at 763.

Defendant next argues that defense counsel was ineffective for failing to timely submit the photographs so that they would be properly admitted as evidence at trial. To preserve a claim of ineffective assistance of counsel, the defendant must move for a new trial or request an evidentiary hearing. *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018). Defendant failed to do either in regard to his claim of ineffective assistance of counsel for failure to timely produce the photographs, and his unpreserved claim of ineffective assistance of counsel is therefore limited to review for errors apparent on the record. *Id*. at 539. "Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. Any findings of fact are reviewed for clear error, while the legal questions are reviewed de novo." *Id*. (citations omitted).

To establish a claim for ineffective assistance of counsel, the defendant must show "(1) counsel rendered assistance that 'fell below an objective standard of reasonableness' under prevailing professional norms and (2) that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]' " *People v Muhammad*, 326 Mich App 40, 63; 931 NW2d 20 (2018) (citation omitted, brackets original). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citation omitted). The defendant bears the burden to demonstrate deficient performance and prejudice; thus, the defendant bears the burden of establishing the factual predicate for his claim of ineffective assistance of counsel. *Id*. "Decisions regarding what evidence to present . . . are presumed to be matters of trial strategy, and [we] will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). There is a strong presumption that the assistance of counsel constitutes sound trial strategy, which the defendant must overcome. *Id*.

Defense counsel conceded that the production of the photographs on the third day of trial was untimely. Defense counsel admitted that he had been in possession of the photographs for some time, but had not produced them timely in accordance with the pretrial order because he was unsure whether he would use them as an exhibit. As the trial court noted, defense counsel was aware of his duty to produce anything that had the potential to be an exhibit at trial under the pretrial order. Thus, defense counsel's failure to timely produce the photographs arguably fell below an objective standard of reasonableness under prevailing professional norms. *Muhammad*, 326 Mich App at 63. However, defendant fails to address the prejudice prong in his brief on appeal. Consequently, we consider defendant's argument abandoned on the ground that

a party may not leave it to this Court to unravel and elaborate his arguments for him . . . ." *People v Cameron*, 319 Mich App 215, 232; 900 NW2d 658 (2017).[1]

## II. HEARSAY EVIDENCE

Defendant next argues that his right to a fair trial was violated when the prosecution presented hearsay testimony to bolster the victims' version of events, or in the alternative, defense counsel was ineffective for failing to object to the hearsay testimony. We disagree.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Defendant concedes on appeal that defense counsel failed to object to the alleged hearsay testimony at trial. Therefore, this issue is unpreserved. *Id*. Defendant makes an additional argument on appeal that the hearsay evidence violated his right to a fair trial. This issue is unpreserved because defendant did not raise this constitutional argument in the trial court as a ground for objecting to the admission of the hearsay testimony. *Stimage*, 202 Mich App at 30. Defendant's unpreserved constitutional argument that he was denied a fair trial when hearsay was introduced is reviewed for plain error affecting substantial rights. *King*, 297 Mich App at 472.

"Hearsay is not admissible except as provided by" the rules of evidence. MRE 802. "Hearsay" is defined as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Defendant argues that the statements about ZH's and GH's disclosures were prior consistent statements, and did not meet the requirements to be considered admissible nonhearsay under MRE 801(d)(1)(B). A prior consistent statement is admissible nonhearsay if the following four elements are met:

> (1) the declarant must testify at trial and be subject to cross-examination; (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony; (3) the proponent must offer a prior consistent statement that is consistent with the declarant's challenged in-court

---

[1] Although defendant has abandoned this argument on appeal, we note that there is no prejudice apparent from the record. *Head*, 323 Mich App at 539. As discussed above, had defense counsel timely produced the photographs, there is no reasonable probability that their admission at trial would have changed the outcome of the proceedings. *Muhammad*, 326 Mich App at 63. Although, as stated previously, there were slight inconsistencies in the witnesses' testimony regarding some aspects of defendant's bedroom and the basement living room area, there is no reasonable probability that production of the pictures depicting these areas would have affected the result of the proceedings. *Id*. All of the victims explicitly testified regarding the sexual conduct perpetrated by defendant, and the jury convicted defendant of first-degree CSC committed against two of three of the victims. Admission of the photographs of defendant's bedroom and the basement living area would not have affected this result. *Id*.

testimony; and, (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose. [*People v Mahone*, 294 Mich App 208, 213-214; 816 NW2d 436 (2011) (quotation marks and citations omitted).]

Defendant first takes issue with the testimony from the victims' mother, KH, regarding the allegations that GH made about the violin lessons that she took from defendant. GH testified that she verbally told her parents about what happened during the lessons. KH testified that GH wrote her a note, saying that defendant was trying to put his hands up GH's clothing, but KH could not recall the other details. KH recalled that GH mentioned a puberty book in the note, and that the book recommended telling someone if inappropriate touching happened, which GH said occurred during the violin lessons. Although KH testified about out-of-court statements made by GH in a note, this testimony was not offered to prove the truth of the matter asserted. MRE 801(c). Rather, it was offered to establish how and when KH learned about GH's allegations that occurred during the violin lessons. Therefore, it was not hearsay, and it was admissible. MRE 801(c); MRE 802. As such, the court did not commit plain error affecting substantial rights by its admission, and defendant was not deprived of his right to a fair trial. *King*, 297 Mich App at 472.

Next, defendant challenges two of SH's statements. First, SH testified that ZH told SH that defendant made ZH have sex with him, and afterwards, defendant would let ZH play with a xylophone. Second, SH testified that ZH told her that their paternal grandmother, AH, said not to go in defendant's bedroom, but SH did not remember AH saying this. Although these statements were made by ZH, someone other than the declarant, SH, they were not offered to prove the truth of the matter asserted. MRE 801(c). SH testified that ZH's disclosure made SH realize that defendant also perpetrated sexual acts against SH when she was younger. ZH's disclosures made SH realize the nature of what happened to her. Thus, these statements were offered to show the effect on SH, and therefore, did not constitute hearsay. *People v Gaines*, 306 Mich App 289, 306-307; 856 NW2d 222 (2014) (citations omitted).

Next, defendant challenges testimony by JH that she felt "very helpless" after learning what happened to ZH. JH testified that she first learned about this case when law enforcement became involved. GH told JH that ZH was having trouble at school, so JH called SH, and JH learned more information as time went on. JH was asked how it made her feel when she learned what happened to ZH, and JH responded, "Very helpless. I should have been able to help her in some way, but I couldn't." This testimony does not include a statement by someone other than the declarant and the trial court did not err. MRE 801(c).

Lastly, defendant challenges KH's testimony that she was "shocked" after learning what happened to ZH, and that ZH told KH what happened in a text message. KH testified that she was in "shock and awe" when she found out about ZH and defendant. KH did not want to believe that it was true. Again, this contains no out-of-court statement by someone other than the declarant, and therefore, it is not hearsay. MRE 801(c).

Additionally, defendant has failed to establish any effect to his substantial rights. *Id*. Considering the statements in light of all of the evidence, and all of the victims' and KH's testimony, the admission of these statements was harmless. *Id*. The statements that actually included an out-of-court statement by someone other than the declarant were cumulative to the

testimony already given by the declarant. Given the entire testimony of all of the victims and KH, defendant's theory of defense, denial of the sexual conduct, was not "eroded" by admission of the statements challenged by defendant on appeal. *Id*.

Defendant argues that defense counsel was ineffective for failing to object to the alleged hearsay statements. We disagree. As explained above, the challenged statements did not constitute hearsay, MRE 801(c), so any objection would have been futile. Therefore, defendant was not rendered ineffective assistance of counsel in this regard. *People v Miller*, 326 Mich App 719, 731-732; 929 NW2d 821 (2019) (counsel is not ineffective for failing to make futile arguments).

## III. OTHER-ACTS EVIDENCE

Defendant argues that the trial court erred, and denied him a fair trial, by admitting other-acts evidence. We disagree.

To preserve an evidentiary issue for appellate review, "a party opposing the admission of evidence must object and specify the same ground for objection that it asserts on appeal." *Aldrich*, 246 Mich App at 113. In response to the prosecution's notice of intent to introduce other-acts evidence under MCL 768.27a, defendant filed an objection and motion to exclude the proposed evidence. Defendant argued that the evidence would be unfairly prejudicial to defendant, and should be excluded under MRE 403. Defendant challenges the trial court's decision to admit JH's testimony under MRE 403. Therefore, the issue is preserved for appeal to this extent. *Id*. However, defendant did not assert a constitutional challenge in the trial court, so his argument on appeal that the admission of the evidence denied him a fair trial is unpreserved. *Id*.

"The decision whether to admit evidence is within the trial court's discretion and will not be disturbed absent an abuse of that discretion." *People v McDaniel*, 469 Mich 409, 412; 670 NW2d 659 (2003). An abuse of discretion occurs "when the court chooses an outcome that falls outside the range of principled outcomes." *People v Douglas*, 496 Mich 557, 565; 852 NW2d 587 (2014) (quotation marks and citation omitted). However, when "the decision involves a preliminary question of law, which is whether a rule of evidence precludes admissibility, the question is reviewed de novo." *McDaniel*, 469 Mich at 412. The same plain error affecting substantial rights standard of review discussed above is used for defendant's unpreserved constitutional issue that he was denied a fair trial by the trial court's admission of the other-acts evidence. *King*, 297 Mich App at 472; *Carines*, 460 Mich at 763.

Evidence of other crimes, wrongs, or acts, is generally inadmissible at trial to prove the character of a person in order to show conformity therewith. MRE 404(b)(1). However, MCL 768.27a(1) provides, in relevant part, "[i]n a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a supersedes MRE 404(b). *People v Watkins*, 491 Mich 450, 476-477; 818 NW2d 296 (2012). Evidence introduced under the statute may be considered for any relevant matter, including "the likelihood of a defendant's criminal sexual behavior toward other minors." *People v Pattinson*, 276 Mich App 613, 620; 741 NW2d 558 (2007). Evidence

that is admissible under MCL 768.27a, however, is still subject to exclusion under MRE 403. *Watkins*, 491 Mich at 481.

JH testified about one incident in which defendant grabbed her breasts while wrestling, and another incident in which JH woke up to defendant lying behind her, with his hands on JH's breast and vagina over her clothes, "dry humping" JH. These prior acts by defendant constitute a "listed offense" of fourth-degree CSC against a minor, meaning, it was admissible as propensity evidence under MCL 768.27a. Defendant concedes that JH's testimony was "arguably [] admissible under MCL 768.27a," but was "nonetheless inadmissible" under MRE 403. We therefore limit our analysis to consider defendant's argument pertaining to MRE 403.

Exclusion of evidence is required under MRE 403 "when the danger of unfair prejudice substantially outweighs the probative value of the evidence." *People v Brown*, 326 Mich App 185, 192; 926 NW2d 879 (2018) (quotation marks and citation omitted). When making an admissibility determination under MRE 403, the trial court may consider the following nonexhaustive list of factors:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

Defendant did not address these factors in his brief on appeal. Therefore, he has abandoned this argument on appeal.[2]

Defendant also argues that the other-acts testimony denied him a fair trial because it could have led the jury to convict him because he was "unsavory," and diverted the jury from an objective decision. However, there was no error because the evidence was properly admitted,

---

[2] We nonetheless note that an analysis of the relevant factors weighs in favor of admission in this instance. *Watkins*, 491 Mich at 487-488. JH's testimony that she awoke to defendant lying behind her, grabbing her breasts and vagina over her clothing, is very similar to GH's testimony that she once awoke to defendant lying behind her while he digitally penetrated GH's vagina. These incidents occurred in close proximity, 2006 to 2008, and the time frame for all of the incidents between defendant and the victims ranged from approximately 2006 to 2010. There is no indication that JH's testimony regarding the other-acts evidence lacked any reliability. The only factor weighing against admission is the lack of need for evidence beyond the testimony of ZH, SH, and GH, the acts for which defendant was actually charged. *Id*. However, "when applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*. at 487. Given the significant probative value of the other-acts evidence provided in JH's testimony, the evidence was admissible under MRE 403.

and there was no prejudice to defendant because the trial court's admission of JH's testimony most likely did not affect the outcome of the trial. *Carines*, 460 Mich at 763. ZH and GH testified regarding the sexual conduct that occurred with defendant, and defendant was convicted of the first-degree CSC charges related to them. Had JH's testimony been excluded, it is difficult to say that defendant would have been acquitted of these charges.

## IV. CONCLUSION

Defendant has failed to demonstrate that the trial court committed error requiring reversal when it excluded photographs of his bedroom and the basement living room and admitted certain testimony from the victims and their mother. Accordingly, we affirm defendant's convictions of first-degree CSC and sentences.

/s/ Michael J. Riordan
/s/ David H. Sawyer
/s/ Kathleen Jansen